T.C. Summary Opinion 2008-144

UNITED STATES TAX COURT

LYDIA VELAZQUEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 910-07S.                    Filed November 17, 2008.

Lydia Velazquez, pro se.

<u>Charles E. Buxbaum</u>, for respondent.

THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1] All section references are to the Internal Revenue Code for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,073 deficiency in petitioner's 2005 Federal income tax.[2]  The issues for decision are whether petitioner is entitled to the following:  (1) Dependency exemption deductions for two of her grandchildren; (2) head of household filing status; (3) the child care credit; and (4) the child tax credit.

### Background

The parties have stipulated some facts, which are so found. When she petitioned the Court, petitioner resided in New Jersey.

Petitioner's husband is deceased.  She works 10 months each year as a "seasonal" school clerk for the Newark Board of Education.  During 2005 she earned wages of $36,605.

Throughout 2005 petitioner's daughter, Melissa, and Melissa's four children--the oldest an 8-year-old and the youngest an infant--resided with petitioner in petitioner's apartment.  Melissa earned $13,371 in wages that year.

Two of Melissa's children, J.Z. and M.Z.,[3] were from her marriage to Handy Z., who divorced her in 2001.  Pursuant to the

---

[2] Respondent also determined a deficiency in petitioner's 2004 tax but has conceded that petitioner has no deficiency for 2004.

[3] The Court uses initials when referring to a minor child. See Rule 27(a)(3).

divorce decree, during 2005 Melissa received from Handy Z., through the county probation office, $4,362 in child support payments for the benefit of J.Z. and M.Z. The divorce decree provided that Handy Z. would be permitted to claim J.Z. and M.Z. as dependents for Federal income tax purposes. In fact, Handy Z. claimed J.Z. and M.Z. as his dependents on his 2005 Federal income tax return.

Petitioner, who filed her 2005 Federal income tax return as a head of household, also claimed J.Z. and M.Z. as her dependents and claimed the child care credit and the child tax credit.[4]

In the notice of deficiency respondent disallowed both of petitioner's claimed dependency exemption deductions, the child care credit, and the child tax credit. Respondent determined petitioner's filing status to be single rather than head of household.

#### Discussion

The burden of proof is on petitioner to show that she is entitled to the claimed dependency exemption deductions and other tax benefits at issue.[5] See Rule 142(a).

---

[4] Melissa also filed her 2005 Federal income tax return as a head of household and claimed her other noninfant child as her dependent. Apparently, no one claimed as a dependent Melissa's infant, who was born in 2005.

[5] Petitioner has not claimed or shown that she meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to her tax liability.

1.  <u>Dependency Exemption Deductions</u>

A taxpayer may claim a dependency exemption deduction for a "qualifying child", as defined in section 152(c).  Secs. 151(c), 152(a).  A qualifying child includes a person who:  (1) Is a child of the taxpayer or the child's descendant; (2) has the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) has not attained age 19; and (4) has not provided over one-half of his or her own support for the calendar year.  Sec. 152(c).

Respondent does not appear to dispute that J.Z. and M.Z. meet these four requirements to be claimed as petitioner's qualifying children.  Rather, respondent's primary concern seems to be that Handy Z. also claimed J.Z. and M.Z. as dependents for 2005.

Section 152(c)(4)(A) provides a tie-breaking rule for situations in which two or more taxpayers claim the same individual as a qualifying child.  As relevant here, this tie-breaking rule provides that "if (but for this paragraph) an individual may be and is claimed as a qualifying child by 2 or more taxpayers for a taxable year beginning in the same calendar year," one of whom is the individual's parent, the individual is treated as the qualifying child of his or her parent.  <u>Id.</u>  Thus, if Handy Z. had properly claimed J.Z. and M.Z. as his dependents, the tie-breaking rule would preclude them from qualifying as

petitioner's dependents.  For the reasons discussed below, however, we conclude that Handy Z. did not properly claim M.Z. and J.Z. as his dependents.

For purposes of defining a dependent, section 152(e) provides a special rule whereby a divorced, noncustodial parent-- such as Handy Z.--may claim a dependency exemption deduction for a child if certain conditions are met.  One condition is that the child's parents must have provided over one-half of the child's support during the calendar year.  Sec. 152(e)(1)(A).  Another condition is that the custodial parent must have executed a written declaration releasing his or her claim to the dependency exemption deduction and the noncustodial parent must have attached the declaration to his or her tax return.  Sec. 152(e)(2).  The custodial parent may make this written declaration on Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents.  See Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).  Form 8332 requires, among other things, that the custodial parent sign a statement agreeing not to claim the exemption for the child or children named on the form for the tax years specified on the form.  A written declaration that is made other than on a Form 8332 must "conform to the substance of such

form."  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs.,

supra.

Because J.Z. and M.Z. were in Melissa's custody and living

in petitioner's apartment during 2005, Handy Z. could not claim

them as his dependents unless he met the requirements of section

152(e).  On the basis of the record before us, we conclude that

he did not meet those requirements.  In the first instance, it

does not appear that Handy Z. and Melissa provided over one-half

of J.Z.'s and M.Z.'s support.[6]  In any event, respondent concedes

that Handy Z. did not attach Form 8332 to his 2005 Federal income

tax return; respondent does not contend that Handy Z. attached to

his 2005 return any other written declaration that conformed to

the substance of Form 8332.  Because Handy Z. was ineligible to

claim J.Z. and M.Z. as his dependents, the tie-breaking rule of

section 152(c)(4)(A) is inapplicable.  We hold that petitioner is

entitled to claim J.Z. and M.Z. as her dependents for 2005.

2.  Head of Household Filing Status

Section 1(b) grants a special tax rate for any individual

who qualifies as a head of household.  With exceptions not

---

[6] Handy Z. contributed $4,362 in child support for J.Z. and
M.Z., or $2,181 apiece.  Melissa earned $13,371; dividing this
amount five ways for Melissa and her four children yields $2,674
apiece.  Together, then, Handy Z. and Melissa contributed $4,855
toward the support of each of their children J.Z. and M.Z.
Petitioner, on the other hand, earned $36,605.  Dividing this
amount six ways for petitioner, Melissa, and the four
grandchildren yields $6,101 apiece.

relevant here, the statute generally defines a head of household as an unmarried individual who maintains as his or her home a household which constitutes for more than one-half of the taxable year the principal place of abode of either a qualifying child (as defined in section 152(c)) or a dependent of the taxpayer with respect to whom the taxpayer is allowed a deduction under section 151. Sec. 2(b)(1)(A). For this purpose, an individual is considered to maintain a household only if he or she furnishes over one-half of the cost of maintaining the household during the taxable year. Sec. 2(b)(1).

During 2005 petitioner was unmarried. On the basis of all the evidence in the record, we conclude that petitioner furnished over one-half the cost of maintaining her household, which constituted throughout 2005 the principal place of abode of J.Z. and M.Z. Accordingly, petitioner is entitled to head of household filing status.

3. <u>Child Care Credit</u>

Section 21(a) and (b)(2) generally provides for a child care credit with respect to employment-related expenses that are paid to enable the taxpayer to be gainfully employed, including expenses to care for a "qualifying individual". A qualifying individual includes a qualifying child of the taxpayer within the meaning of section 152(a)(1) who has not turned 13. Sec. 21(b)(1).

As previously discussed, J.Z. and M.Z. were qualifying children of petitioner within the meaning of section 152(a)(1). During 2005 they had not turned 13.  Petitioner has failed, however, to substantiate expenses for household services or expenses for the care of J.Z. or M.Z. in 2005.  Accordingly, petitioner is not entitled to the child care credit.

4.   Child Tax Credit

Section 24 generally allows a tax credit for each qualifying child (as defined under section 152(c)) who is under 17 years of age.  Sec. 24(a), (c)(1).  As previously indicated, for 2005 J.Z. and M.Z. were petitioner's qualifying children and were under age 17.  Respondent has not argued that any limitation in section 24(b) applies.  We conclude that petitioner is entitled to the child tax credit with respect to J.Z. and M.Z.

To reflect the foregoing and concessions by respondent,

Decision will be entered

under Rule 155.